UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------
FRANCISCO MELENDEZ,

                      Petitioner,                **MEMORANDUM & ORDER**
                                                                 10-CV-5698 (MKB)
              v.

PHILLIP HEATH, Superintendent, Sing Sing
Correctional Facility and ANDREW M. CUOMO,
Attorney General of the State of New York,

                      Respondents.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner Francisco Melendez brings the above-captioned petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a judgment of conviction after a jury trial in the New York State Supreme Court, Kings County, for a course of sexual conduct against a child in the first degree[1] and attempted sexual abuse in the first degree. Petitioner was sentenced to concurrent prison terms of ten years for a course of sexual conduct against a child, and one-and-one-third to four years for attempted sexual abuse. Petitioner appealed his conviction to the New York Supreme Court Appellate Division, Second Department ("Appellate Division"), raising four claims: (1) improper hearsay testimony impaired the grand jury; (2) his conviction was based on legally insufficient evidence and was against the weight of the evidence; (3) his right to a fair trial had been violated by the mid-trial hearsay statement of the complainants' mother; and

---

[1] "A person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration . . . he or she, being eighteen years old or more, engages in two or more acts of sexual conduct, which include at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, with a child less than thirteen years old." N.Y. Penal Law § 130.75.

(4) his sentence was excessive in light of his advanced age, serious medical problems, and favorable work history.[2] The Appellate Division rejected Petitioner's claims and affirmed his conviction. *People v. Melendez*, 894 N.Y.S.2d 137 (App. Div. 2010). The New York Court of Appeals denied leave to appeal. *People v. Melendez*, 14 N.Y.3d 890 (2010). In the instant petition, Petitioner raises two claims: (1) trial counsel was ineffective for failing to preserve a legal insufficiency claim and (2) the evidence was legally insufficient to establish that the alleged acts occurred over a period of more than three months. For the reasons set forth below, the petition is denied.

I. **Background**

   a. **Incident**

Petitioner is the father of Marcus Melendez, who was engaged to marry Gina Maria Vincente, mother of A.V. and J.V. (Pet'r App. Br. 8.) The evidence at trial established that between March 26, 2004 and July 3, 2005, then eleven-year-old A.V. and her eight-year-old sister J.V., would visit Petitioner in Brooklyn after school and spend the night occasionally. (Pet'r Mem. 8–9; Trial Tr. 24:1–25:13.) On five or six occasions during that time, Petitioner had sexual contact with A.V. (Trial Tr. 31:4–32:25.) One night, J.V. awoke to her sister's scream and found Petitioner in the living room on the couch with A.V., with A.V.'s pants pulled down. (Pet'r Mem. 8, 11.) J.V. "took" or "kicked" Petitioner off A.V., and J.V. and A.V. went to the bathroom. (*Id.*) A.V. called her mother to and told her that she wanted to go home. (*Id.*) On another occasion, J.V. found the Petitioner with his pants pulled down and masturbating. (*Id.* at 10.) Petitioner grabbed J.V. and asked her to perform fellatio. (*Id.*) J.V. bit Petitioner's arm

---

[2] Petitioner's appellate brief also noted that the Appellate Division should reverse his conviction "due to counsel's cumulative ineffectiveness relating to," *inter alia*, his conviction being based on legally insufficient evidence, but did not make a substantive argument on this point. (Pet'r App. Br. 44.)

and ran away from Petitioner. (*Id.*) A.V. and J.V. did not tell their mother about these incidents because they were afraid of Petitioner. (*Id*. at 8.) Petitioner had threatened to kill the sisters if they told anyone and told A.V. and J.V. that no one would believe them. (*Id.* at 8, 10–11.)

In July 2005, while visiting her grandmother Lucia Soler Nieves[3] and a cousin in Puerto Rico, A.V. told her cousin and Nieves about the sexual abuse. (*Id.* at 9.) Nieves told the girls' mother. (*Id*.) A.V. later also told her mother. (*Id.*) Upon her return to New York in August 2005, A.V. told the police and reported injuries to a doctor. (*Id.* at 10.) A doctor's examination of A.V. found no bleeding or injury. (*Id.*) J.V. told her mother and the police about the incidents only after A.V. revealed them. (*Id.* at 11.)

  b. **Charges and trial**

Petitioner was charged with: (1) a course of sexual conduct against a child in the first degree as to A.V.; (2) two counts of endangering the welfare of a child for each of the children; (3) criminal sexual act in the first degree as to J.V., (4) attempted sexual abuse in the first degree as to J.V., and (5) attempted sexual misconduct as to J.V. (Resp't Aff. ¶ 5.)

At trial, after being directed to the date range of March 26, 2004 to July 3, 2005, A.V. testified on direct examination that Petitioner had sexual contact with her five or six times. (Trial Tr. 29:1–32:25.) She testified to sleeping at Petitioner's home about once each week. (*Id.* at 24:14–15.) She also testified that after she returned from Puerto Rico a nurse and a doctor examined her. (*Id.* at 39:25.) On cross examination, A.V. confirmed that she could not indicate the dates of sexual contact, and testified that the doctors who examined her after she returned from Puerto Rico found no injuries. (*Id*. at 42:7–19, 46:2–47:1.) She recalled that the incidences took place while her sister was sleeping, and that on one occasion she screamed and woke up her

---

[3] Nieves is the mother of Marcus Melendez and the ex-wife of the Petitioner.

3

sister and subsequently called her mother to tell her mother she wanted to go home. (*Id.* at 42:7–24.) J.V. testified to visiting Petitioner at least every day after school, but did not know the date when Petitioner first had sexual contact with A.V. (*Id.* at 57:13–17, 75:7–10.) Vincente, the girls' mother, testified that A.V. and J.V. visited Petitioner's home with her four to five times a week, but that the children would only spend the night once each month, at times with her and at times by themselves. (*Id.* at 92:18–93:4, 104:6–105:22.) The children's grandmother testified that A.V. told her that Petitioner raped her. (*Id.* at 148:20–22, 165:2–5.) Detective Linda Flagg testified to apprehending and arresting Petitioner. (*Id.* at 85:3–86:21.)

Rosemary Daniele, a nurse practitioner and expert in child abuse medical examination, testified that she had examined A.V. and J.V. (*Id.* at 174:15–22, 177:5–24.) Both examinations results were "normal." (*Id.* at 178:3–13.) Daniele testified that her finding as to A.V. was not unusual because of the use of Vaseline during penetration, and because of the amount of time that had passed since the incident, any injury could have healed by the time she examined A.V. (*Id.* at 178:8–180:15, 187:13–24.) Dr. Donald Lewittes, an expert in sexual assault and development psychology, testified about adolescent sexual abuse syndrome. (*Id.* at 197:12–203:16.) Although Dr. Lewittes did not interview A.V. or J.V., he explained that non-disclosure of abuse is consistent with the syndrome, especially in family situations. (Pet'r Br. 13–14 n.3–4; Trial Tr. 204:14–206:15, 211:25–213:5, 214:14–16).

### c. Petitioner's motions

At the end of the State's case, Petitioner's trial counsel moved to dismiss all of the charges based on the State's failure to make out a *prima facie* case and subsequently renewed his motion prior to jury deliberations, arguing that the State failed to prove Petitioner's guilt beyond a reasonable doubt. (Pet'r Br. 15; Trial Tr. 226:1–7, 237:12–15.) The court denied these

4

motions. (Pet'r Br. at 15.) Counsel did not specifically challenge the sufficiency of the proof supporting the duration element of the course of sexual conduct charge in either motion. (*Id*. at Br. 15–16.) Petitioner chose not to testify and the defense rested its case without submitting any evidence. (Trial Tr. 228:14–21, 230:12–15.) In his summation to the jury, Petitioner's counsel noted the children's lack of specificity as to the dates and times of the incidents, the lack of outcry for months, and the absence of evidence of physical injury. (Pet'r Br. 16.)

### d. Verdict and sentence

Petitioner was convicted of one count of a course of sexual conduct in the first degree against A.V. and one count of attempted sexual abuse in the first degree against J.V. (*Id.* at 21.) On July 10, 2006, Petitioner was sentenced to concurrent terms of 10 years for the course of sexual conduct conviction and one-third to four years for the attempted sexual abuse conviction. (Resp't Aff. ¶ 6; Sentencing Tr. 8:11–18.) On September 6, 2006, the court amended Petitioner's sentence to add a five-year term of post-release supervision. (Pet'r Br. 22.)

### e. Appeals

Petitioner appealed to the Appellate Division, which affirmed the lower court's judgment of conviction. *Melendez*, 894 N.Y.S.2d at 137. The Appellate Division rejected Petitioner's claims, finding that the legal insufficiency claim was unpreserved and without merit. *Id.* at 138. The Appellate Division found that, "in any event," the evidence was legally sufficient to establish Petitioner's guilt beyond a reasonable doubt. *Id.* The Appellate Division also found that "the verdict of guilt was not against the weight of the evidence." *Id.* The Appellate Division additionally found that any ineffective assistance of counsel claim was without merit. *Id.* at 138–39 (citing *People v. Baldi*, 54 N.Y.2d 137, 146–147 (1981)). The New York Court of Appeals

denied leave to appeal, *Melendez*, 14 N.Y.3d at 890, and Petitioner filed the instant petition, (Docket Entry No. 1).

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Johnson v. Williams*, 568 U.S. ---, ---,133 S. Ct. 1088, 1091 (2013); *Lafler v. Cooper*, 566 U.S. ---, ---, 132 S. Ct. 1376, 1390 (2012).

For the purposes of federal habeas review, "clearly established law" is defined as the "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S.

63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Ineffective Assistance of Counsel

Petitioner argues that his trial counsel was ineffective for failing to move to dismiss the charge of course of sexual conduct against a child, since there was insufficient evidence to prove that he engaged in the proscribed acts over a period of not less than three months. (Pet. 23.) In order to prove ineffective assistance of counsel, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. Where the state court has found that the petitioner received effective assistance of counsel, the Court reviews that decision under the deferential standard of the AEDPA. 28 U.S.C. § 2254(d); *see also Hawthorne v. Schneiderman*, 695 F.3d 192, 196 (2d Cir. 2012) (noting that "[w]hen a state court "adjudicates a state prisoner's claim [of ineffective assistance of counsel] on the merits, a federal habeas court must defer to the state court's decision" (alteration omitted) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)), *cert. denied*, 569 U.S. ---, 133 S. Ct. 2338 (2013); *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) ("[T]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable — a substantially higher threshold." (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009))).

Petitioner argues that he received ineffective assistance of counsel because his trial counsel failed to preserve his claim of insufficiency of the evidence by failing to specifically cite failure of proof on the three-month durational element of the course of sexual conduct against a child charge. (Pet'r Mem. 34–35.) At trial, counsel moved to dismiss all charges based on the State's failure to make out a *prima facie* case. (Trial Tr. 226:1–7.) However, counsel did not specifically challenge the insufficiency of proof supporting the three-month duration element of the course of sexual conduct against a child crime. Petitioner argues that, under New York law, preservation rules governing claims of legal insufficiency of the evidence require that a motion be "specifically directed" to the alleged error or deficiency, and that counsel's failure to do so was "plainly ineffective" as it "should have procured a dismissal of the most serious charge against Petitioner," for which Petitioner received a ten-year term of imprisonment. (Pet'r Mem. 34–35.) Petitioner further argues that the prosecution never presented any evidence directly establishing the dates over which the instances of sexual abuse occurred, and therefore had not met its burden to establish that the proscribed events took place over a duration of not less than three months. (*Id*.) As discussed below, the state court's determination that Petitioner's claim of ineffective assistance of counsel was without merit was not unreasonable.

In reviewing a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Bierenbaum v. Graham*, 607 F.3d 36, 51 (2d Cir. 2010) (quoting *Strickland*, 466 U.S. at 689). A single error by counsel can require reversal, but it must be sufficiently egregious and prejudicial under the totality of the circumstances. *See Harrington v. Richter*, 562 U.S. ----, ----, 131 S. Ct. 770, 791 (2011) (quoting

8

*Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *Ramirez v. Conway*, No. 07-CV-1832, 2008 WL 4178132, at *13 (S.D.N.Y. Sept. 5, 2008) (citing *Clark v. McKinney*, No. 05-CV-5585, 2007 WL 2126273, at *9 (E.D.N.Y. July 24, 2007)). "[A] petitioner cannot prevail on a claim of ineffective assistance merely because he disagrees with his counsel's strategy." *Breland v. Artus*, No. 05-CV-4076, 2006 WL 845474, at *11 (E.D.N.Y. Mar. 29, 2006) (citing *Jones v. Barnes*, 463 U.S. 745, 752 (1983)).

Petitioner cites *Flores v. Demskie* in support of his claim that there was no reason for counsel's failure to make a more specific motion. *Flores v. Demskie*, 215 F.3d 293, 303–04 (2d Cir. 2000) (finding that defense counsel waived a *Rosario* violation[4] that had a reasonable probability of getting petitioner a new trial if pressed). In *Flores*, the court found that the claim would have changed the outcome because it was a particularly strong and clear claim and there was no strategic reason to waive a "particularly strong" and clear *Rosario* violation claim. *Id.* (citing *Mayo v. Henderson*, 13 F.3d 528, 530–31, 534 (2d Cir. 1994)). The claim in *Flores* was particularly strong because the *Rosario* claim would have constituted a *per se* reversible error on direct appeal, resulting in the granting of a new trial, and the only basis for counsel's waiver was a misunderstanding of law. *Id.* at 304.

Here, counsel's failure to move to dismiss the course of sexual conduct charges on the basis of failure to prove the three-month duration element was not a waiver of "a particularly

---

[4] *People v. Rosario*, 9 N.Y.2d 286 (1961), is a New York Court of Appeals case which requires the prosecution to disclose to the defense any prior statements of a witness called by the prosecution, where the prior statements relate to the subject matter of the witness' testimony. *See Boyette v. Lefevre*, 246 F.3d 76, 85 n.5 (2d Cir. 2001) ("*Rosario* recognized a state law duty on the part of the prosecutor to give defense counsel all pretrial statements of prosecution witnesses."); *Brown v. Martuscello*, No. 12-CV-0054, 2014 WL 415950, at *11 n.11 (E.D.N.Y. Feb. 4, 2014) (noting that, under *Rosario*, "a defendant is entitled to inspect the prior *statements* of a prosecution witness prior to cross-examination."). The *Rosario* rule was later codified as New York Criminal Procedure Law § 240.45(1)(a).

strong and clear" claim. The testimony presented at trial — specifically, A.V.'s testimony that Petitioner engaged in sexual contact with her five or six times, while her sister was sleeping (Trial Tr. 31:22), and Vincente's testimony that the girls spent the night at Petitioner's home, at times without her, no more than once a month, (Trial Tr. 104:6–105:22) — was sufficient to permit the jury to conclude that Petitioner's abuse of A.V. took place over the course of not less than three months. Petitioner has not shown that this motion would almost certainly have changed the outcome of the trial, because even if counsel had made the objection, there was sufficient evidence presented at trial to support the three-month duration element of the crime. Accordingly, counsel's failure to specifically challenge the insufficiency of proof supporting the three-month duration element was not unreasonable, as the claim was not a particularly strong one.[5]

Moreover, in a child sexual abuse case, "[t]he teaching of the law in this Circuit is that defense counsel is obliged, wherever possible, to elucidate any inconsistencies in the complainant's testimony, protect the defendant's credibility, and attack vigorously the reliability of any physical evidence of sexual contact between the defendant and the complainant." *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003). The record supports the conclusion that Petitioner's trial counsel performed these functions. Counsel challenged the children's inability to remember specific dates and their inconsistent testimony. (Trial Tr. 42:7–47:18, 69:18–73:23,

---

[5] Petitioner argues in his reply papers that the three-month duration is a necessary factual requirement that has been strictly enforced by New York state courts, citing *People v. Juara*, 719 N.Y.S.2d 102 (App. Div. 2001). In *Juara*, the Appellate Division vacated a conviction for a course of sexual conduct against a child where the defendant argued and the People did not challenge "that there was no evidence adduced at trial regarding the time period over which the sexual abuse of the subject child was said to have occurred." *Juara*, 719 N.Y.S.2d at 102. In contrast, here, there was evidence adduced at trial sufficient to permit the jury to draw the reasonable inference that the incidences of abuse took place over a span of at least three months.

75:4–13.) During summation, counsel also read the trial transcript to reiterate that there were no physical injuries identified by the children, and to highlight other inconsistent testimony. (*Id.* at 254:3–263:25.) Under the totality of the circumstances, the single decision not to specifically direct a motion to the three-month duration element was not sufficiently egregious to fall below a reasonable professional standard. *See Harrington*, 562 U.S. at ----, 131 S. Ct. at 791.

Even if Petitioner could establish that his trial counsel's performance fell below an objective standard of reasonableness, he cannot establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In other words, a defense counsel's failure to preserve a sufficiency claim is not ineffective assistance of counsel, unless the error is sufficiently prejudicial and would change the outcome of the case. *See, e.g.*, *Parker*, 666 F.3d at 834 (rejecting petitioner's argument that failure to preserve an insufficiency of evidence claim was ineffective assistance of counsel because petitioner could not have shown that the evidence was insufficient to support the jury verdict). Trial counsel is not ineffective for failing to pursue a weak claim, because there was sufficient evidence for the jury to have found that the course of sexual conduct against A.V. took place over not less than three months. Thus, even if Petitioner's trial counsel had objected to the submission of the charge, the Court cannot find that it is more likely than not that the outcome of Petitioner' trial would have been different. The tactical choice not to pursue a weak or meritless claim is reasonable and therefore is not ineffective assistance of counsel. *See, e.g.*, *Scott v. United States*, No. 11-CV-4638, 2012 WL 2094052, at *4 (S.D.N.Y. June 11, 2012) (finding that petitioner had not received ineffective assistance where counsel was not unreasonable in not objecting to the prosecutor's non-prejudicial statements); *Branch v. Marshall*, No. 08-CV-8381, 2010 WL 5158632, at *12 (S.D.N.Y. Oct. 12, 2010) (noting that "the law recognizes a

11

distinction between a mistake that deprives a defendant of a right to a fair trial, and counsel's strategic decision not to pursue a weak claim"), *report and recommendation adopted*, No. 08-CV-8381, 2010 WL 5158633 (S.D.N.Y. Dec. 16, 2010); *Quail v. Farrell*, 550 F. Supp. 2d 470, 476 (S.D.N.Y. 2008) (finding the failure of trial counsel to preserve a prosecutorial misconduct claim was not ineffective assistance of counsel because the prosecutorial misconduct claim was without merit).

Because Petitioner cannot establish that but-for his trial counsel's objectively unreasonable conduct at trial, the outcome of the trial would have been different, the state court determination that Petitioner's trial counsel was not ineffective was not unreasonable.

   c. **Legal insufficiency of the evidence**

Petitioner argues that the evidence presented at trial failed to establish that the duration of time during which the course of sexual conduct against A.V. took place was not less than three months, and that no rational jury could have found proof beyond a reasonable doubt that Petitioner was guilty of this charge. Respondents argue that Petitioner's claim is procedurally barred because the Appellate Division's determination of those claims was based on adequate and independent state grounds. (Resp. Mem. 5.) The Court agrees with Respondents. The Appellate Division found Petitioner's claim unpreserved pursuant to New York's contemporaneous objection rule, Criminal Procedure Law § 470.05. *Melendez*, 894 N.Y.S.2d at 138. The Appellate Division also found that, "in any event," the legal insufficiency claim was without merit. *Id.* at 138 (citing *People v. Danielson*, 9 N.Y.3d 342, 349 (2007)).

      i. **Procedural bar**

Federal courts are generally not permitted to "review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is

independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state law ground is deemed "adequate" if the rule "is firmly established and regularly followed by the state in question." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (quoting *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999)). It is well-settled that New York's contemporaneous objection rule is an adequate and independent bar to federal habeas review. *See, e.g.*, *Whitley*, 642 F.3d at 292 (concluding that contemporaneous objection rule is an adequate and independent state ground for Appellate Division's affirmation of habeas petitioner's conviction "and therefore sufficient to foreclose federal habeas review of the unpreserved claim"); *Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011) (finding that contemporaneous objection rule "constitutes an independent ground for disposing of [the petitioner's] claim, and that the rule was firmly established and regularly followed"); *Garcia*, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules."); *Williams v. Ercole*, No. 09-CV-63, 2011 WL 4944268, at *6 (E.D.N.Y. Oct. 12, 2011) (finding adequate and independent state law ground where the petitioner failed to raise his legal insufficiency claim at trial); *Jones v. Marshall*, No. 08-CV-5793, 2011 WL 9386, at *9 (S.D.N.Y. Jan. 3, 2011) (same).

Petitioner argues that trial counsel's ineffective assistance of counsel constitutes cause and prejudice for this procedural default. (Pet'r Mem. 36–37.) A court may review a claim that is procedurally barred if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Rush v. Lempke*, 500 F. App'x 12, 15 (2d Cir. 2012) (same). Prejudice must be established by showing that the cause for the procedural default gave rise to error that "resulted in 'substantial

13

disadvantage, infecting [the] entire trial with error of constitutional dimensions.'" *Gutierrez v. Smith*, 702 F.3d 103, 112 (2d Cir. 2012) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)), *cert. denied*, 571 U.S. ---, 134 S. Ct. 439 (2013).

Ineffective assistance of counsel can constitute "cause" to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Jones v. Armstrong*, 367 F. App'x 256, 257 (2d Cir. 2010) (citing *Murray*, 477 U.S. at 488). As discussed *supra*, Petitioner cannot establish that his trial counsel was ineffective in failing to specifically object to the prosecution's failure to establish the duration element of the sexual course of conduct against a child. Nor can Petitioner establish that any such ineffectiveness prejudiced his trial, where, as discussed above, there was sufficient evidence presented at trial to allow the jury to find that the Petitioner's acts of sexual conduct as to A.V. took place over a period of at least three months. Accordingly, Petitioner has not established that there was cause and prejudice for the procedural default of his claim of legal insufficiency of the evidence.

### ii. Merits of the Claim

Even if the sufficiency claim was properly preserved, the Court would nevertheless dismiss the claim on the merits, as Petitioner cannot meet his high burden to show that a reasonable jury could not find the elements of the crimes satisfied. A petitioner presenting a legal insufficiency of the evidence claim "bears a heavy burden" as the Court "must consider the evidence 'in the light most favorable to the prosecution' and uphold the conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see Cavazos v. Smith*, 565 U.S. ---, ---, 132 S. Ct. 2, 6 (2011) ("a reviewing court 'faced with a record of historical facts that supports conflicting

14

inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" (quoting *Jackson*, 443 U.S. at 326)). In considering this question, the Court is required to view the evidence in the light most favorable to the prosecution and draw all permissible inferences in its favor. *See Parker*, 666 F.3d at 835; *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (per curiam).

The evidence need not "exclude every possible hypothesis of innocence." *United States v. Ardines*, No. 12-CR-364, 2013 WL 1966131, at *9 (E.D.N.Y. May 14, 2013) (citing *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995)); *see also United States v. Nektalov*, 461 F.3d 309, 318 (2d Cir. 2006) (quoting *United States v. Friedman*, 998 F.2d 53, 56 (2d Cir. 1993)); *Friedman*, 998 F.2d at 56, 59 (finding that a court cannot reverse merely because defendant's "exculpatory account is plausible" and that the government did not need to exclude "every hypothesis of innocence"). Furthermore, "where there are conflicts in the testimony, [a federal habeas court] must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses," rather than substitute its own subjective view of the evidence for that of the jury. *United States v. Hunter*, 386 F. App'x 1, 3 n.1 (2d Cir. 2010) (quoting *United States v. Ware*, 577 F.3d 442, 447 (2d Cir. 2009)); *see also United States v. Varanese*, 417 F. App'x 52, 55 (2d Cir. 2011) ("'[I]t is the task of the jury, not the court, to choose between competing inferences.'" (quoting *Martinez*, 54 F.3d at 1043))); *Rustici v. Philips*, 497 F. Supp. 2d 452, 482 (E.D.N.Y. 2007) ("The Court's 'inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'" (quoting *Herrara v. Collins*, 506 U.S. 390, 402 (1993))), *aff'd sub nom. Rustici v. Phillips*, 308 F. App'x 467 (2d Cir. 2009).

The evidence at trial was sufficient to allow the jury to remove all reasonable doubt as to Petitioner's guilt. The government had to prove that Petitioner committed two or more acts of sexual conduct "over a period of time not less than three months in duration" with a child less than thirteen years old. N.Y. Penal Law § 130.75(1)(b). Petitioner argues that the prosecution failed to establish the duration element because the incidents could have happened all within one week based on the testimony of the children and the time frame established at trial was based on the prosecution's leading questions.[6] (Pet'r App. Reply 3–4; Pet'r Leave Appl. Letter 3–5; Pet. Br. 30–31.) A.V. testified that she would spend the night at Petitioner's home approximately once each week. (Trial Tr. 24:14–15.) However, the mother of the children testified that A.V. and J.V. spent the night at Petitioner's home no more than once each month. (*Id.* at 93:1–4, 104:8–24.) The jury could have given more weight to the mother's testimony about the time frame, even if it was inconsistent with A.V.'s testimony, and credited A.V.'s testimony as to the number of acts.[7] *Guerrero*, 2010 WL 2545818, at *11. If so, the jury could conclude that the three-month duration element had been met since the five or six incidents happened to A.V. while J.V. was sleeping and, based on the mother's testimony, A.V. and J.V. only spent the night

---

[6] In a child sex-abuse case, the prosecution's use of leading questions is permitted. *See People v. Boyd*, 855 N.Y.S.2d 789, 789 (App. Div. 2008) ("Leading questions may be permitted of child victim in a sexual abuse case so the child's testimony can be clarified or expedited if the child is apparently unwilling to testify freely." (quoting *People v. Cuttler*, 705 N.Y.S.2d 416 (App. Div. 2000))).

[7] Petitioner cites *Newman v. Metrish*, 543 F.3d 793, 797 (6th Cir. 2008) and *O'Laughlin v. O'Brien*, 568 F.3d 287, 302 (1st Cir. 2009), to support his argument that the evidence in this case was insufficient to support the verdict. (Pet'r Mem. 33.) In both of these cases the federal Courts of Appeal found the evidence insufficient to sustain the jury verdicts because the juries had relied merely on "reasonable speculation." *See Newman*, 543 F.3d at 797; *O'Laughlin*, 568 F.3d at 302; *accord Langston v. Smith*, 630 F.3d 310, 314 (2d Cir. 2011), *cert. denied*, 565 U.S. ---, 132 S. Ct. 366 (2011). In contrast, here, the jury was not required to engage in speculation. Accordingly, neither *Newman* nor *O'Laughlin* are of assistance to Petitioner.

alone at Petitioner's home once per month. Although the hypothesis that the incidents could have happened within a shorter time period than three months may be plausible, it does not mean that the prosecution failed to present credible evidence that removed a reasonable doubt from the jury. *See Ardines*, 2013 WL 1966131, at *9; *Nektalov*, 461 F.3d at 318. Therefore, the Court finds that the evidence was sufficient to sustain the jury verdict, and the Appellate Division's decision that Petitioner's claim was without merit was not unreasonable.

### III. Conclusion

For the foregoing reasons, the petition for habeas corpus is denied and the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444, 455 (1962). The Clerk of Court is directed to close the case.

SO ORDERED:

        s/MKB
MARGO K. BRODIE
United States District Judge

Dated: May 30, 2014
      Brooklyn, New York

17